**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIMINAL NO. RWT-06-305** |
| **AUDREY SONIA LACKONSINGH,** | * | |
| **Defendant.** | * | |
| | ***** | |

**MEMORANDUM OPINION**

On October 12, 2006, the Defendant, Audrey Sonia Lackonsingh, pled guilty pursuant to a written plea agreement to (1) Unlawful Reentry After Deportation in violation of 8 U.S.C. § 1326(a) & (b)(2); and (2) Unlawful Possession With Intent to Distribute Cocaine Hydrochloride (powder cocaine) in violation of 21 U.S.C. § 841(a).  On January 19, 2007, this Court sentenced Ms. Lackonsingh to 78 months of imprisonment on each count, to run concurrently.  Ms. Lackonsingh subsequently filed a document with Court which the Court construed as a "Motion to Modify Sentence," (Paper No. 17) and directed the U.S. Attorney's Office to file a response.  Upon consideration of the Motion and the Response thereto, for the following reasons, the Defendant's motion will be denied.

Liberally construed, Defendant's motion states two grounds for a sentence reduction: 1) pursuant to the retroactive crack cocaine amendment to the United States Sentencing Guidelines, and 2) pursuant to the so-called "fast track" program in other districts, which was not considered in her case.  Neither ground is an appropriate basis for relief.

First, Defendant's case does not involve cocaine base/crack, and she was not sentenced pursuant to the portions of Section 2D1.1 that was altered by Amendment 706.[1] As stated above, Ms. Lackonsingh's offense involved powder cocaine, or cocaine hydrochloride, so there has been no change to the guidelines applicable in this case. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statements and its "exclusions" are clear and must be respected: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2). *See also id.* app. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range."). Because Amendment 706 and all other listed amendments are inapplicable to Ms. Lackonsingh, the Court cannot grant relief on this ground.

Next, there is no basis to reduce Defendant's sentence based on the "fast track" programs available in other districts in illegal reentry cases. The Fourth Circuit has rejected such variances,

---

[1] The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706. The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

so the failure to consider such a reduction at Defendant's sentencing is not a ground upon which relief can be granted. *See United States v. Perez-Pena*, 453 F.3d 236, 243-44 (4th Cir. 2006) (reversing as unreasonable a below-guidelines variance sentence based on a fast-track argument).

For these reasons the Court shall deny the Motion to Modify Sentence (Paper No. 17).  A separate Order follows.


Date: October 23, 2008                                                    /s/
                                                    ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE

3